**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| SUSAN FISLER SILBERSTEIN, | : | |
| Plaintiff, | : | Case No. 3:02CV522 (by consent of the parties) |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| CITY OF DAYTON, *et al.*, | : | |
| Defendants. | : | |

**DECISION AND ORDER**

This case is before the Court upon Defendant City of Dayton's ("the City's") Motion in Limine (Doc. #70), to which Plaintiff has not responded.  The City seeks an Order excluding any determination by the trier of fact regarding whether or not Plaintiff was terminated "for cause" under the Dayton Civil Service Rules and Regulations.  The City acknowledges that the Court of Appeals found a due process violation based on the City's failure to provide Plaintiff with a pretermination hearing.  The City contends, "The only issue that is integral to a potential damage award for the procedural due process violation, is whether Plaintiff would have been terminated even if she had been provided with a proper pretermination hearing."  (Doc. #70 at 2).  The City emphasizes that Plaintiff has not presented any claim (other than her First Amendment retaliation claim, which has been dismissed) regarding the legality of her termination.  The City's contentions lack merit because the City has not recognized the proper measure of potential damages for the violation of Plaintiff's constitutional right to due process.

The analysis begins with the recognition that the City violated Plaintiff's right to due

process under the Fourteenth Amendment by not providing her with a pretermination hearing. *Silberstein v. City of Dayton*, 440 F.3d 306, 313-18 (6th Cir. 2006). What, then, is the correct measure of compensatory damages for this constitutional violation?

*Carey v. Piphus*, 435 U.S. 247, 264-66 (1978) requires the compensatory damages analysis to proceed under two inquiries: "The first inquiry concerns causation; whether the action taken without due process is justified or, in other words, whether the same action would have been taken even if due process had been afforded.... The second inquiry is whether there was proof of actual injury, such as emotional or mental distress caused by the denial of due process, to support an award of compensatory damages...." *Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986)(citing *Carey*, 435 U.S. at 260, 263-64).

Under the first *Carey* inquiry, the City bears the burden of showing that it would have terminated Plaintiff's employment even if it had provided her with a pretermination hearing. *Franklin*, 795 F.2d at 1263 ("once it is determined that a claimant's due process rights were violated, 'the burden of proof shifts to the defendants to demonstrate that the procedural violation did not cause the plaintiff's injury.'" (citation and brackets omitted)). To make this showing, the City must prove by a preponderance of the evidence that at the time the decision was made to terminate Plaintiff's employment, "just cause" supported the termination decision. *See Franklin*, 795 F.2d at 1263-64; *see also Emanuel v. Columbus Recreation and Parks Dept.*, 115 Ohio App.3d 592, 601 (1996). This "just cause" requirement exists because Plaintiff was a "classified" employee under the terms of the City's Charter. *See Silberstein*, 440 F.3d at 313.

Although the City is correct that Plaintiff's Complaint did not raise a separate cause of action challenging the legality of her termination, other than her First Amendment retaliation

2

claim, she need not do so to recover in order to recover compensatory damages for the violation of her right to due process, which was adequately pled in the Complaint.  Again, under *Carey*, because Plaintiff has established that the City violated her constitutional right to due process by terminating her employment without providing her with a pretermination hearing, the burden shifts to Defendants to demonstrate that the procedural violation did not cause Plaintiff's injury. *See Franklin*, 795 F.2d at 1263-64.  Plaintiff's Complaint, moreover, raised sufficiently specific allegations to fairly alert Defendants to her claimed damages – the loss of her employment – as a result of the due process violation.  *See* Doc. #1 at ¶s 8-12, 20, 27-28.

Accordingly, the City's Motion in Limine to exclude the trier of fact from determining whether or not "just cause" supported Plaintiff's termination lacks merit.

**IT IS THEREFORE ORDERED THAT:**

Defendant City of Dayton's Motion in Limine (Doc. #70) is DENIED.

January 19, 2007

                                        s/ Sharon L. Ovington
                                           Sharon L. Ovington
                                  United States Magistrate Judge