**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| SUSAN FISLER SILBERSTEIN, | : | |
| Plaintiff, | : | Case No. 3:02CV522 (by consent of the parties) |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| CITY OF DAYTON, *et al.*, | : | |
| Defendants. | : | |

**DECISION AND ORDER**

This case is before the Court upon Defendants Groom, Lindsey, and Toney's ("Defendants") Motion in Limine to Preclude Evidence as to a Denial of a Post-Termination Proceeding (Doc. #79), and Plaintiff's Memorandum in Opposition (Doc. #89).  Defendants contend that the United States Court of Appeals for the Sixth Circuit held in this case that §101 of the City Charter – which allows certain classified employees to appeal a termination to the City Service Board – does not apply to Plaintiff.  Defendants thus contend that the law of this case is that Plaintiff was not entitled to a post-termination appeal to the Civil Service Board, and as a result, she should be precluded from presenting evidence to the jury as to her claim that Defendants denied her a post-termination hearing.

On Defendants' prior appeal in this case, the United States Court of Appeals indicated in pertinent part as follows:

> Furthermore, as appellants note in their brief, §101 is not likely to apply to Silberstein regardless of whether she is classified or unclassified, because the

> provision applies only to employees 'of any department in the city,' and Civil Service is not one of the five 'departments' enumerated in the Charter. If the provision does not apply to her at all, then it could not be rendered vain or useless by a determination that her position is classified.

*Silberstein v. City of Dayton*, 440 F.3d 306, 314 (6th Cir. 2006) (footnote omitted). Contrary to Defendants' assertion, a careful reading of this portion of the Sixth Circuit's opinion does not reveal a specific holding by the Court of Appeals that §101 does not apply to Silberstein. Absent a specific holding, the law-of-the-case doctrine does not apply. However, the plain language of the City Charter supports the Court of Appeals' "likely" conclusion – that §101 did not apply to Plaintiff. Section 51 of the Charter establishes five City of Dayton administrative departments: Law, Public Service, Public Welfare, Public Safety, and Finance. *Silberstein*, 440 F.3d at 314 n.2. The City Charter address Civil Service personnel – like Plaintiff – in separate provisions, specifically §§93-107. *See id.* Because of this, §101's reference to "departments" includes only the five departments identified in §51 of the Charter. Plaintiff does not identify any provision in the City's Charter showing that the Civil Service division constitutes a "department" within the meaning of §101. *See* Doc. #89. For all of these reasons, §101 does not refer to employees within Civil Service division, like Plaintiff.

This does not end the matter, however, because Plaintiff's substantive due process claim remains pending, and is a separate and distinct cause of action from her procedural due process claim. This is seen in the nature of her substantive due process claim. "An injury to a person's reputation, good name, honor, or integrity constitutes the deprivation of a liberty interest when the injury occurs in connection with an employee's termination." *Ludwig v. Board of Trustees of Ferris State University*, 123 F.3d 404, 410 (6th Cir. 1997) (citing in part *Board of Regents v. Roth,* 408 U.S. 564, 573 (1972). "When a deprivation of a liberty interest of this kind occurs, the

employee must be afforded notice and an opportunity to be heard to refute the charges disseminated against him." *Ludwig*,123 F.3d at 410 (citations omitted).  Because the need for this type of name-clearing hearing appears to derive from the Due Process Clause itself, *see id*., rather than §101 of the City's Charter, the total exclusion from trial of evidence concerning whether or not the City's denied Plaintiff a name-clearing hearing is unwarranted at this time.

Accordingly, although Plaintiff is precluded from arguing or presenting evidence to the jury concerning whether she sought a post-termination hearing or whether Defendants provided her with a post-termination hearing, the parties are not precluded at this time from presenting evidence concerning whether the City provided Plaintiff with a notice and an opportunity to refute the charges disseminated against her, *i.e*., a name-clearing hearing.

## IT IS THEREFORE ORDERED THAT:

Defendants Groom, Lindsey, and Toney's ("Defendants") Motion in Limine to Preclude Evidence as to a Denial of a Post-Termination Proceeding (Doc. #79) is GRANTED in part and DENIED in part as set forth herein.


January 19, 2007

                  s/Sharon L. Ovington
                   Sharon L. Ovington
                 United States Magistrate Judge