**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| SUSAN FISLER SILBERSTEIN, | : | |
| Plaintiff, | : | Case No. 3:02CV522 (by consent of the parties) |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| CITY OF DAYTON, *et al*., | : | |
| Defendants. | : | |

**DECISION AND ORDER**

This case is before the Court upon three pending Motions in Limine (Doc. #s 73, 74, 75).

Plaintiff's Motion in Limine (Doc. #73) seeks an Order excluding from trial references to or evidence regarding any reason(s) for Plaintiff's discharge from employment which were not articulated to Plaintiff at the time of her termination. The Court has determined that Defendants bear the burden of demonstrating that Plaintiff's employment would have been terminated even if she had been provided with a pretermination hearing. As a result, the reason(s) for Plaintiff's termination are at issue, and Defendants are permitted to present evidence regarding the reason(s) for her termination, including reasons not articulated to Plaintiff at the time of her termination. In addition, evidence that might show Defendants did not present a particular reason to Plaintiff at the time of her termination goes to the validity (the weight) of this reason, rather than to its admissibility.

Plaintiff's Motion in Limine (Doc. #73) also seeks exclusion of her all references to the letter to the editor/newspaper article she wrote in August 2002. This letter, however, may have

been one reason for Plaintiff's termination – although both Defendants Grooms and Lindsey testified during their depositions that it was not. *See* Grooms' deposition at p. 24; Lindsey's depos. at p. 49. Because the burden has shifted to Defendants as discussed above, and because the letter might support the reason(s) Defendants terminated Plaintiff's employment, Defendants are not precluded from presenting the letter during trial.

Plaintiff's Motion in Limine (Doc. #73) also seeks to exclude from trial statements indicating that Plaintiff was provided notice of charges against her and/or an opportunity to respond charges. This exclusion is unwarranted because the information may tend to show whether Plaintiff was provided an opportunity for a name-clearing hearing, and consequently, such statements may be relevant to an issue at trial.

Plaintiff's Motion to Permit Counsel to Make References to the Court's Summary Judgment Decision and Court of Appeals' Decision (Doc. #74) lacks merit because such references may unduly prejudice the jury against Defendants based on matters no longer at issue in this case. The Court, however, will permit the parties to inform the jury during voir dire and opening statements that a judicial determination has been made that Defendants violated Plaintiff's right to procedural due process by terminating her employment without a pretermination hearing. The parties, however, will not be permitted to refer to, or quote from, the summary judgment decision or the Court of Appeals' decision during trial. This includes, but is not limited to, any reference to qualified immunity or to the determination that the individual Defendants violated Plaintiff's clearly established rights under the Due Process Clause.

Defendants Grooms, Lindsey, and Toney's Motion in Limine as to Plaintiff's Claim for

Punitive Damages (Doc. #75) is denied.  Although the parties will be prohibited from mentioning punitive damages during voir dire and opening statements, at this late stage of the case the Court declines to dismiss punitive damages from the case.  Instead, the Court will wait until the evidence is received at trial to determine whether sufficient evidence exists to support an award of punitive damages.

Defendants Grooms, Lindsey, and Toney's Motion in Limine as to the Court of Appeals' Decision on Qualified Immunity (Doc. #75) is granted for the reasons stated above.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion in Limine (Doc. #73) is DENIED;

2. Plaintiff's Motion to Permit Counsel to Make References to the Court's Summary Judgment Decision and Court of Appeals' Decision (Doc. #74) is DENIED;

3. Defendants Grooms, Lindsey, and Toney's Motion in Limine as to Plaintiff's Claim for Punitive Damages (Doc. #75) is DENIED; and

4. Defendants Grooms, Lindsey, and Toney's Motion in Limine as to the Court of Appeals' Decision on Qualified Immunity (Doc. #75) is GRANTED.


January 19, 2007

   s/Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge